United States District Court for the Western District of Texas
Austin Division

| Albian Leyva, | § | |
|---|---|---|
| Plaintiff, | § | |
| | § | Case no. 1:22-cv-00580-LY |
| v. | § | |
| | § | |
| Ryan Hartman, | § | |
| Jacinto Melendrez, and | § | |
| City of San Marcos, | § | |
| Defendants. | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT HARTMAN'S MOTION TO DISMISS**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Albian Leyva, files this answer in response to Defendant Hartman's *Motion to Dismiss Plaintiff's Complaint* and would respectfully show the Court as follows:

**Standard of Review**

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must contain sufficient factual material, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009). The Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court has authority to dismiss a suit for failure to state a claim under a clear set of circumstances. These factors include when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief," when a complaint only asserts conclusory allegations, and when the complaint on its face is barred by an affirmative defense. *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.* 677 F.2d 1045, 1050 (5th Cir. 1982).

**I. Defendant Hartman Violated Mr. Leyva's Constitutional Right to be Free from Excessive Force Under the Fourteenth Amendment.**

"To establish excessive force under the Fourth Amendment, a plaintiff must demonstrate '(1) an injury, which (2) resulted directly and only from the use of force that was clearly excessive to the need;

and the excessiveness of which was (3) objectively unreasonable.'" *Hutcheson v. Dall. Cty.*, 994 F.3d 477, 480 (5th Cir. 2021) (quoting *Pena v. City of Rio Grande City*, 879 F.3d 613, 619 (5th Cir. 2018)). "The 'second and third elements collapse into a single objective-reasonableness inquiry' determined by the crime's severity, the suspect's threat, and whether the suspect is actively resisting arrest or trying to flee." *Id.* "'[I]n an obvious case,' the *Graham* excessive-force factors themselves 'can clearly establish the answer, even without a body of relevant case law.'" *Darden v. City of Fort Worth*, 880 F.3d 722, 733 (5th Cir. 2018) (quoting *Newman v. Guedry*, 703 F.3d 757, 763 (5th Cir. 2012)).

In determining whether a use of force is excessive, "[t]he speed with which an officer resorts to force, *Trammell*, 868 F.3d at 342, and the failure of the officer 'to use physical skill, negotiation, or even commands' before applying such force, *Newman v. Guedry*, 703 F.3d 757, 762 (5th Cir. 2012), weigh in favor of finding that the use of force was excessive to the need." *Pena v. City of Rio Grande City*, 816 F. App'x 966, 973 (5th Cir. 2020).

It is clearly established that an individual has the right to be free from excessive force when engaged in a minor, non-violent offense. See, *Pena v. City of Rio Grande City, Texas*, 816 F. App'x 966, 976 (5th Cir. 2020); *Austin v. City of Baytown*, 174 F. App'x 183, 186 (5th Cir. 2005). Further, "'…where an individual's conduct amounts to mere 'passive resistance,' use of force is not justified." *Trammell v. Fruge*, 868 F.3d 332, 341 (5th Cir. 2017); *See Hanks*, 853 F.3d at 746 (determining the plaintiff's initial refusals to follow a police officer's instructions amounted to, "at most, passive resistance" and did not justify the officers use of a "'half spear' takedown" against the plaintiff); *Deville*, 567 F.3d at 168 (the plaintiff's refusal to get out of her car before her husband arrived on the scene constituted passive resistance)."

1. **Defendant Hartman's Excessive Force of Tasing Mr. Leyva Directly Caused Injury**

Defendant's *Motion* [doc. 4 at ¶29] claims that the *Complaint* fails to show that Plaintiff was injured, despite the *Complaint* repeatedly stating that the alleged excessive force was Hartman deploying his Taser on Plaintiff. [doc 1. at ¶¶22, 28, 32, and 35].

On January 12, 2021, Defendant deployed his CED (taser) on Mr. Leyva [doc. 1.]. It is common knowledge that a taser is an electroshock weapon used to incapacitate persons. When a taser is deployed, two barbed wires embed in the target's body and then an electric shock is administered. Mr. Leyva suffered physical injury from Defendant's taser, including abrasions to his body and intense physical pain from the shock. Mr. Leyva suffered, and continues to suffer, from the psychological harm of this traumatic act and injury.

Defendant's *Motion* claims that the *Complaint* fails to distinguish between Defendant Hartman and Officer Melendrez's tasing of Mr. Leyva, and therefore doesn't support that the injury was caused directly and only by Defendant Hartman [doc 4 at ¶30].

Defendant Hartman was a SMPD Sergeant acting within his supervisory capacity of Officer Melendrez [doc. 1]. Defendant Hartman instructed the officers present to 'Put your light on him. I'm going to tase this guy' Officer Melendrez asked, 'Want to tase him?' Defendant Hartman responded, 'Yep.' A reasonable officer in Officer Melendrez's position could easily have mistaken Defendant Hartman's communication as a direct instruction to tase Mr. Leyva [doc. 16 at ¶39]. Officer Melendrez relied on Defendant Hartman's instructions when tasing Mr. Leyva [doc. 16 at ¶39]. Therefore, Defendant Hartman's conduct was a proximate cause of Mr. Leyva's injuries.

Further, even if the factfinder determines that Defendant Hartman and Officer Melendrez both separately caused injury to Mr. Leyva, plaintiff has amended their *Complaint* to include Melendrez as a defendant [doc. 16].

2. **Defendant Hartman's Tasing of Mr. Leyva was Objectively Unreasonable and Therefore an Excessive Use of Force**

    a. **Mr. Leyva Was a Passenger of a Vehicle Suspected in a Petty Theft of Phone Chargers**

Mr. Leyva was the passenger in the backseat of a vehicle pulled over for a traffic stop [doc. 1 at ¶ 11]. The vehicle was seen driving erratically and suspected of being involved in a petty theft of phone chargers at a gas station earlier that day [doc. 16 at ¶ 18]. Petty theft is minor, non-violent offense. Further, Mr. Leyva was an innocent third-party passenger of the driver, and not the actual suspect of any criminal offense. The level of severity of the underlying suspected offense is minor, and weighs in favor of a finding of excessive force.

      **b. At No Point Did Mr. Leyva Pose a Threat to Himself or Others**

Mr. Leyva was unarmed. Mr. Leyva did not verbally or physically threaten the officers [doc. 1 at ¶28]. Mr. Leyva was standing outside and away from the vehicle. Mr. Leyva was holding a cell phone in one hand and his ID in the other. Mr. Leyva had his hands raised above his shoulders. Mr. Leyva was complying as best he could with conflicting commands from the officers. The fact that Mr. Leyva did not pose a threat to Defendant Hartman weighs in favor of a finding of excessive force.

      **c. Mr. Leyva Was Not Actively Resisting Arrest**

Mr. Leyva was 'generally complaint with officers' commands' and only spoke once saying 'Y'all don't have to do this.' [doc. 1 at ¶25]. San Marcos Police Chief Standridge characterized Mr. Leyva as at most being 'verbally non-compliant' and 'not actively resisting' [doc. 7 at ¶48.]. The fact that Mr. Leyva was not actively resisting arrest weighs in favor of a finding of excessive force.

      **d. Defendant Escalated the Situation Almost Immediately**

Mr. Leyva was standing cooperatively with his hands raised 'for approximately 15 seconds prior to being tased.' [doc. 1 at ¶27]. Defendant escalated from giving commands to a use of force in less than a minute. Further, Defendant failed to provide a verbal warning prior to deploying his taser in violation of police policy [doc. 3 at ¶48]. The quick abrupt speed with which Defendant resorted to a use of force weighs in favor of a finding of excessive force.

      **e. Defendant Barely Tried to Use Commands, Negotiation, or Skills to Gain Control Before Escalating to a Use of Force**

Defendant Hartman and other officers gave conflicting commands to Mr. Leyva. Defendant Hartman failed to attempt any lesser means of control despite his large physical stature and his status as a defensive tactics' instructor [doc. 1 at ¶24]. Defendant's failure to attempt lesser means of control prior to a use of force weighs in favor of a finding of excessive force.

II. **Second, it is Clearly Established that Defendant's Use of Force against Mr. Leyva was Excessive Force.**

The Supreme Court has held that "[a] Government official's conduct violates clearly established law when, at the time of the challenged conduct, '[t]he contours of [a] right [are] sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.'" *Ashcroft v. al-Kidd*, 563 U.S. 731, 131 S. Ct. 2074, 2083, 179 L. Ed. 2d 1149 (2011). Courts "do not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." Id.

In the Fifth Circuit, it is clearly established that an individual has the right to be free from excessive force when engaged in a minor, non-violent offense. See, *Pena v. City of Rio Grande City, Texas*, 816 F. App'x 966, 976 (5th Cir. 2020); *Austin v. City of Baytown*, 174 F. App'x 183, 186 (5th Cir. 2005). Further, "'…where an individual's conduct amounts to mere 'passive resistance,' use of force is not justified." *Trammell v. Fruge*, 868 F.3d 332, 341 (5th Cir. 2017); *See Hanks*, 853 F.3d at 746 (determining the plaintiff's initial refusals to follow a police officer's instructions amounted to, "at most, passive resistance" and did not justify the officers use of a "'half spear' takedown" against the plaintiff); *Deville*, 567 F.3d at 168 (the plaintiff's refusal to get out of her car before her husband arrived on the scene constituted passive resistance)."

Defendant's *Motion* focusses primarily on distinguishing this incident as more than a "minor traffic violation" to discredit plaintiff's claim of excessive force [doc. 4 at ¶¶3-14]. However, the *Motion* fails to engage with the actual crux of the *Complaint* – that plaintiff was, at most, passively resisting and

therefore, any use of force was not justified. Further, as discussed above, Defendant's tasing was objectively unreasonable given the circumstances.

Defendant's *Motion* characterizes Mr. Leyva as having been 'acting suspiciously' and having not been 'compliant with lawful commands'. [doc. 4 at ¶36]. In fact, Mr. Leyva exited the vehicle, removed his jacket and preemptively located his ID, then calmy stood with his hands raised and appeared to be recording the officers with his cell phone. This incident is nothing like the cases cited in Defendant's *Motion* [doc 4 at ¶36] (citing to *Plumhoff v. Rickard*, 572 U.S. 765, 775, 134 S. Ct. 2012, 2020, 188 L. Ed. 2d 1056 (2014) (High speed chase where officers shot at driver who was endangering the public); *Ramirez v. Escajeda*, No. 21-50858, 2022 WL 3225405, at *5 (5th Cir. Aug. 10, 2022). (Taser case where a single officer responded to the scene of a suicidal man who was acting erratically with a rope around his neck attached to a basketball hoop.)

Defendant's *Motion* argues that Defendant was justified in tasing Mr. Leyva because he subjectively felt that Mr. Leyva posed a threat [doc. 4 at ¶37]. This is circular logic. Defendant's conduct is held against the standard of what a reasonable officer would believe under the circumstances. It is undisputed that SMPD has officially found that 'there were no reasonable circumstances justifying such force.' [doc. 1 at ¶48].

III. **Defendant Hartman Does Not Enjoy Qualified Immunity Because Defendant Violated Mr. Leyva's Right to Be Free of Excessive Force and It Is Clearly Established That Defendant's Force Was Excessive**

As discussed above, Defendant violated Mr. Leyva's right to be free from excessive force and it was clearly established that tasing an individual, who is at most passively resisting, is excessive. Defendant applied more force than was objectively reasonable from the perspective a reasonable officer. Defendant's force caused physical and psychological injury to Mr. Leyva.

IV.     **Prayer**

For all these reasons, Plaintiff Al Leyva requests that the Court deny Defendant's Motion to Dismiss Plaintiff's claims against Defendant.

Respectfully submitted,
*/s/ Rebecca Webber*
Rebecca Webber
Webber Law
4228 Threadgill Street
Austin, Texas 78723
512-537-8833
rebecca@rebweblaw.com

Attorney for Plaintiff Albian Leyva

**Certificate of Service**

I certify that I will file this response on Sept 15, 2022 via the Court's CM/ECF which will serve all counsel of record.

*/s/ Rebecca Webber*
Rebecca Webber