United States District Court for the Western District of Texas
Austin Division

| Albian Leyva, | § | |
| --- | --- | --- |
| Plaintiff, | § | |
| | § | Case no. 1:22-cv-00580-LY |
| v. | § | |
| | § | |
| Ryan Hartman, | § | |
| Jacinto Melendrez, and | § | |
| City of San Marcos, | § | |
| Defendants. | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT CITY OF SAN MARCOS'**

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Albian Leyva, files this answer in response to Defendant City of San Marcos' *Motion to Dismiss Plaintiff's Complaint* [doc. 6] and would respectfully show the Court as follows:

**Standard of Review**

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must contain sufficient factual material, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009). The Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court has authority to dismiss a suit for failure to state a claim under a clear set of circumstances. These factors include when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief," when a complaint only asserts conclusory allegations, and when the complaint on its face is barred by an affirmative defense. *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc*. 677 F.2d 1045, 1050 (5th Cir. 1982).

**I. Municipal Liability**

To establish municipal liability (a "*Monell*" claim") under § 1983, "a plaintiff must show the deprivation of a federally protected right caused by action taken pursuant to an official municipal

policy." *Hutcheson v. Dall. Cty.*, 994 F.3d 477, 482 (5th Cir. 2021) (quoting *Valle v. City of Hous.*, 613 F.3d 536, 541 (5th Cir. 2010)). A plaintiff must identify "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose moving force is that policy (or custom)." *Hutcheson v. Dall. Cty.*, 994 F.3d 477, 482 (5th Cir. 2021) (quoting *Pineda v. City of Hous.*, 291 F.3d 325, 328 (5th Cir. 2002)).

On January 12, 2021, Defendant Hartman, a SMPD police officer, violated Plaintiff's right to be free of excessive force [doc. 1]. In June 2020, while off duty, Defendant Hartman caused a criminally negligent vehicular homicide when he ran a stop sign, while speeding more than 15 mph over the posted speed limit and had an open container of beer in his vehicle's cupholder [docs. 1, 16]. Per the City of San Marcos' longstanding policy or custom of failing to conduct timely investigations into off-duty conduct by police officers, the City knowingly failed to supervise or train Defendant Hartman [doc. 16 Amended Complaint, 15-16]. Police Chief Standridge confirmed the existence of this policy stating it has been in place in order to allow criminal investigations to conclude, however, the known consequence is to allow any internal investigation or discipline to be time barred by the 180-day local government code. When the City waits to conduct an internal investigation until after criminal investigations conclude, it effectively blocks any chance of scrutiny due to the time intensive nature of criminal investigations. This policy has since been overturned due to the outrage of the public once it became apparent that it was this long-standing policy or custom that allowed Defendant Hartman to escape any professional consequences for his misconduct.

## II. Failure to Supervise

"To establish a failure-to-train claim, a plaintiff must 'prove that (1) the city failed to train or supervise the officers involved; (2) there is a causal connection between the alleged failure to supervise or train and the alleged violation of the plaintiff's rights; and (3) the failure to train or supervise constituted deliberate indifference to the plaintiff's constitutional rights.'" *Hutcheson v. Dall. Cty.*, 994

F.3d 477, 482-83 (5th Cir. 2021) (quoting *Pena*, 879 F.3d at 623). "To show deliberate indifference, a plaintiff normally must allege a pattern of similar constitutional violations by untrained employees." *Id.* "But where a plaintiff does not allege such a pattern, it is still possible to establish deliberate indifference through the single-incident exception." *Hutcheson v. Dall. Cty.*, 994 F.3d 477, 482-83 (5th Cir. 2021) (quoting *Pena*, 879 F.3d at 624).

To bring a claim under the single-incident exception, the "plaintiff must prove that the highly predictable consequence of a failure to train would result in the specific injury suffered." *Hutcheson v. Dall. Cty.*, 994 F.3d 477, 482-83 (5th Cir. 2021). "For a violation to be 'highly predictable,' the municipality 'must have failed to train its employees <u>concerning a clear constitutional duty implicated in recurrent situations that a particular employee is certain to face</u>.'" *Hutcheson v. Dall. Cty.*, 994 F.3d 477, 482-83 (5th Cir. 2021) (quoting *Littell*, 894 F.3d at 624-25) (emphasis added).

This failure to supervise or train Defendant Hartman allowed him to remain on the police force, despite the serious concerns about fitness that his off-duty criminal misconduct raised. When the City of San Marcos allows police officers who have demonstrated unfitness to continue on the force without any change in supervision or training, it is highly predictable that such an officer will exercise poor judgment again and apply excessive force against citizens. Defendant was on notice that its failure to supervise has caused a pattern of similar incidents to this case.

Here, Defendant Hartman, but for, the City's policy, would not have been at the scene of this incident wherein he was able to abuse his authority and tase Mr. Leyva for no justifiable reason. If not for this policy, Defendant Hartman, at the very least would have received revised supervision or training to reevaluate his fitness. Instead, it was not until after Defendant's *on-duty* misconduct that SMPD reevaluated Defendant Hartman's fitness despite having been on notice of his off-duty misconduct. Police officers face "recurrent situations" where it is highly predictable that an unfit officer will abuse his authority, practice poor judgment, and otherwise lose control of his own faculties and reasoning, and

violate a citizen's right to be free of excessive force. These recurrent situations include investigative "terry" stops such as the one here, subject of Plaintiff's Complaint.

Citizens of San Marcos expect and deserve to only interact with police officers who have an unquestioned ability to exercise restraint and prioritize safety and respect. Unfortunately, the phenomenon of police officers abusing their authority and exercising excessive force towards individuals is not a novel one. Generally, many efforts have been made to provide better training and oversight. However, a municipalities' responsibility is heightened when it is on notice of problematic misconduct by one of its officers. It is deeply concerning that Defendant the City of San Marcos has endorsed the longstanding policy or custom to omit from conducting a timely investigation into the criminal misconduct of SMPD officers. "Upon information and belief, the City of San Marcos' failure to supervise SMPD has allowed multiple police officers to escape scrutiny and commit further abuses of their authority and commit excessive force against individuals and otherwise injure the public." [doc. 16, Amended complaint at ¶ 81].

### III. Prayer

For all these reasons, Plaintiff Al Leyva requests that the Court deny Defendant's Motion to Dismiss Plaintiff's claims against Defendant City of San Marcos.

Respectfully submitted,
*/s/ Rebecca Webber*
Rebecca Webber
Webber Law
4228 Threadgill Street
Austin, Texas 78723
512-537-8833
rebecca@rebweblaw.com

Attorney for Plaintiff Albian Leyva

**Certificate of Service**
I certify that I will file this response on Sept 15, 2022 via the Court's CM/ECF which will serve all counsel of record.

*/s/ Rebecca Webber*
Rebecca Webber